Shirley Grace **KESAULYA**; et al., Petitioners,

v.

Eric H. **HOLDER** Jr., Attorney General, Respondent.

No. 06–70439.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sharon A. Healey, Law Office of Sharon A. Healey, Seattle, WA, for Petitioners.

Richard M. Evans, Esquire, Assistant Director, Joan Estelle Smiley, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Paul F. Stone, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Shirley Grace Kesaulya and her son, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order affirming an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir.2007) (en banc), we deny the petition for review.

Petitioners do not challenge the IJ's dispositive determination that their asylum claim is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived).

■ Substantial evidence supports the IJ's denial of withholding of removal. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Kesaulya has not demonstrated past persecution through her experiences in the riots where she was never physically harmed. *See Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009) (discriminatory mistreatment did not constitute past persecution). And, she has not established a clear probability of future persecution because, even if she is a member of a disfavored group, she did not demonstrate the requisite individualized risk of persecution. *See Lolong*, 484 F.3d at 1180–81.

■ Substantial evidence also supports the IJ's denial of CAT relief because Kesaulya failed to establish a likelihood of torture in Indonesia. *See Wakkary*, 558 F.3d at 1068.

## PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.